**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MINNESOTA**

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>BRYAN J. KRUCHTEN, doing business as PAGE CREATORS d/b/a PAGECREATORS.NET;<br><br>and<br><br>TRINITY HOST, LLC d/b/a TRINITYHOST.COM,<br><br>Defendants. | Case No. 01-523(ADM/RLE) |

**PRELIMINARY INJUNCTION ORDER WITH ASSET FREEZE, APPOINTMENT OF A RECEIVER AND OTHER RELIEF**

The Court, having granted the *Ex Parte* Application for a Temporary Restraining Order with Asset Freeze, with other relief, filed by Plaintiff Federal Trade Commission ("FTC" or "Commission"), pursuant to sections 13(b) and 19 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 53(b) and 57b; having entered an Order to Show Cause Why a Preliminary Injunction Should Not Issue; and having considered the submissions of the parties and being advised in the premises, hereby finds:

1. This Court has jurisdiction over the subject matter of the case, and there is good cause to believe that the Court will have jurisdiction over the parties;

2. Venue lies properly with this Court;

FILED APR 24 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

3. There is good cause to believe that Defendants have engaged in and are likely to engage in acts and practices that violate Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), and that the Commission is likely to prevail on the merits of this action;

4. There is good cause to believe that immediate and irreparable harm will result from Defendants' ongoing violations of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), absent entry of this Order;

5. There is good cause to believe that immediate and irreparable damage to the Court's ability to grant effective final relief for consumers in the form of monetary redress will occur from the sale, transfer, assignment, or other disposition or concealment by Defendants of their assets or records absent continuing of the asset freeze;

6. There is good cause to appoint a receiver in this matter; and

7. Weighing the equities and considering the Commission's likelihood of success in its causes of action, this Order is in the public interest.

**DEFINITIONS**

For purposes of this Order, the following definitions shall apply:

1. "Defendants" mean Bryan J. Kruchten, doing business as Page Creators d/b/a pagecreators.net, and Trinity Host LLC d/b/a trinityhost.com.

2. "Assets" means any legal or equitable interest in, right to, or claim to, any real and personal property, including, but not limited to, chattel, goods, instruments, equipment, fixtures, general intangibles, effects, leaseholds, mail or other deliveries, inventory, checks, notes, accounts, credits, contracts, receivables shares of stock, and all cash, wherever located.

3. "Document" is synonymous in meaning and equal in scope to the usage of the term in Federal Rule of Civil Procedure 34(a), and includes writings, drawings, graphs, charts, photographs, audio and video recordings, computer records, and other data compilations from which information can be obtained and translated, if necessary, through detection devices into reasonably usable form. A draft or non-identical copy is a separate document within the meaning of the term.

4. "Material" means likely to affect a person's choice of, or conduct regarding, goods or services.

## PROHIBITED BUSINESS ACTIVITIES

### I.

**IT IS THEREFORE ORDERED** that Defendants are hereby restrained and enjoined from making, or assisting in the making of, expressly or by implication, orally or in writing any false or misleading statement or representation of material fact:

A. that consumers owe money for the use of excess bandwidth or other non-standard services;

B. that consumers are legally obligated to pay for any Internet-related services that they did not authorize; and

C. relating to a consumer's decision to purchase or use Defendants' services or products.

### II.

**IT IS FURTHER ORDERED** that in connection with the advertising, promotion, offering or sale of goods or services in commerce, Defendants are hereby restrained and enjoined

from billing or receiving money, or assisting others in billing or receiving money, from consumers without authorization, including but not limited to charging or debiting consumers' credit card or debit card accounts without consumers' authorization.

**ASSET FREEZE**

**III.**

**IT IS FURTHER ORDERED** that Defendants are hereby restrained and enjoined from:

A. Transferring, converting, encumbering, selling, concealing, dissipating, disbursing, assigning, spending, withdrawing, or otherwise disposing of any funds, property, artwork, coins, precious metals, jewelry, contracts, shares of stock, or other assets, wherever located, that are: (1) owned or controlled by Defendants, in whole or in part; or (2) in the actual or constructive possession of Defendants; (3) owned, controlled by, or in the actual or constructive possession of any entity that is directly or indirectly owned, managed, controlled by, or under common control with Defendants, including, but not limited to, any assets held by or for Defendants in any account at any bank or savings and loan institution, or with any broker-dealer, escrow agent, title company, commodity trading company, precious metal dealer, or other financial institution of any kind, including, but not limited to, assets at:

American Express
3 World Financial Center
200 Vesey Street
New York, NY 10285

Cardservice International
6101 Condor Drive
Moorpark, CA 93021

Discover Financial Services
2500 Lake Cook Road
Riverwoods, IL 60015

First Integrity Bank
111 NE 4th Street
Staples, MN 56479

First National Bank of Osakis
213 Central Avenue
Osakis, MN 56360

First State Bank
3007 Hwy 29 S.
Alexandria, MN 56308

Imperial Bank
2015 Manhattan Beach Boulevard
Redondo Beach, CA 90278

National Bank of the Redwoods
2800 Cleveland Ave.
Santa Rosa, CA 95403

Network 1 Financial
1501 Farm Credit Drive, Suite 1500
McLean, VA 22102

Nova Information Systems
7300 Chapman Highway
Knoxville, TN 37920

PayPal
1840 Embarcadero
Palo Alto, CA 94303

United Bankers Bank
1650 West 82nd Street, Suite 1500
Bloomington, MN 55431

Wells Fargo/Norwest Bank
304 Maple Street
Alexandria, MN 56308

B. Opening or causing to be opened any safe deposit boxes or storage facilities titled in the name of Defendants, or subject to access by Defendants or under their control, without providing the Commission prior notice and an opportunity to inspect the contents in order to determine that they contain no assets covered by this Section;

C. Notwithstanding the asset freeze provisions of Paragraphs A-B., *above*, Defendant Bryan J. Kruchten may, upon compliance with Section V of the temporary restraining order previously entered by this Court, pay from his individual personal funds reasonable, usual, ordinary, and necessary living expenses subject to prior written agreement by the Commission or the Court;

D. Defendants' assets frozen pursuant to Paragraphs A-C above are deemed to be property of the receivership, subject to administration by the receiver, as described in Section VII; and

E. The assets affected by this Section shall include both existing assets and assets acquired after the effective date of this Order.

**DUTIES OF THIRD PARTIES HOLDING DEFENDANTS' ASSETS, INCLUDING FINANCIAL INSTITUTIONS**

**IV.**

**IT IS FURTHER ORDERED** that any financial or brokerage institution, business entity or person having possession, custody or control of any records of any Defendant, or of any account, safe deposit box or other asset titled in the name of any Defendant, either individually or jointly or held for the benefit of any Defendant, or that has maintained any such account, safe deposit box or other asset at any time since January 1, 1997, shall:

A. Hold and retain within its control and prohibit the transfer, encumbrance, pledge, assignment, removal, withdrawal, dissipation, sale or other disposal of any such account or other asset, except for transfers or withdrawals directed by the Receiver or by further order of this Court;

B. Deny access to any safe deposit box titled individually or jointly in the name of any Defendant or otherwise subject to access by any Defendant;

C. Provide to counsel for the Commission and to the Receiver, within three (3) business days of notice of this Order, a sworn statement setting forth:

1. The identification of each account or asset titled in the name, individually or jointly, of any defendant, or held on behalf of, or for the benefit of, any defendant;

2. The balance of each account or a description of the nature and value of each asset as of the close of business on the day this Order is served, and, if the account or asset has been closed or moved, the date closed or

removed, the total funds removed in order to close the account, and the person or entity to whom such account or other asset was remitted; and

3. The identification of any safe deposit box or storage facility that is either titled in the name of or subject to access by any Defendant.

D. Allow the Commission or the Receiver immediate access to inspect or copy any records or other documentation pertaining to such account or asset, including, but not limited to, originals or copies of account applications, account statements, signature cards, checks, drafts, deposit tickets, transfers to and from the accounts, all other debit and credit instruments or slips, currency transaction reports, 1099 forms, and safe deposit box logs. Any such financial institution, account custodian, or other aforementioned entity may arrange for the Commission or the Receiver to obtain copies of any such records which the Commission or the Receiver seeks, provided that such institution or custodian may charge a reasonable fee not to exceed fourteen (14) cents per page copied;

E. At the direction of the Commission or the Receiver appointed herein, and without further order of this Court, convert any stocks, bonds, options, mutual funds or other securities to their cash equivalents; and

F. Cooperate with all reasonable requests of the receiver relating to implementation of this Order, including transferring funds at the receiver's direction and producing records related to the Defendants' accounts.

The assets and funds affected by this Section shall include both existing assets and assets acquired after the effective date of this Order.

**RECORD KEEPING/BUSINESS OPERATIONS**

**V.**

**IT IS FURTHER ORDERED** that Defendants are hereby restrained and enjoined from:

A. Destroying, erasing, mutilating, concealing, altering, transferring, or otherwise disposing of, in any manner, directly or indirectly, any: books; records; computer tapes, disks or other computerized records, including e-mail messages; accounting data; personnel and business checks (front and back); correspondence; forms; advertisements; brochures; manuals; banking records; customer files; customer lists; invoices; telephone records; ledgers; payroll records; scripts; postal receipts; appointment books; income tax returns; or other documents of any kind in their possession, custody and control that relate to the business practices or business or personal finances of Defendants;

B. Failing to make and keep books, records, bank statements, documents indicating title to real or personal property, and any other data which, in reasonable detail, accurately and fairly reflect the transactions and disposition of the assets of Defendants; and

C. Creating, operating, or exercising any control over any business entity, including any partnership, limited partnership, joint venture, sole proprietorship or corporation, without first providing the Commission with a written statement disclosing: (1) the name of the business entity; (2) the address and telephone number of the business entity; (3) the names of the business entity's officers,

directors, principals, managers and employees; and (4) a detailed description of the business entity's intended activities.

## RECEIVER

## VI.

### A. APPOINTMENT OF A RECEIVER

**IT IS FURTHER ORDERED** that the appointment of B. Todd Jones and Becky R. Thorson as Receiver for the business activities of Defendants and any affiliates, subsidiaries, divisions, sales, entities, successors, or assigns, and any and all dba's that any Defendant controls, is continued with the full power of an equity Receiver. The Receiver shall solely be the agent of this Court in acting as Receiver under this Order. The Receiver shall be accountable directly to this Court. The Receiver shall comply with any Local Rules of this Court governing receivers and the Federal Rules of Civil Procedure.

### B. RECEIVERSHIP DUTIES

**IT IS FURTHER ORDERED** that the Receiver is directed and authorized to accomplish the following:

1. Assume full control of Defendants' operations by removing, as the Receiver deems necessary or advisable, any director, officer, independent contractor, employee, or agent of any of the Defendants from control of, management of, or participation in, the business affairs of Defendants;
2. Take exclusive custody, control and possession of all assets and documents of, or in the possession, custody, or under the control of, Defendants, wherever situated. The Receiver shall have full power to

divert mail and to sue for, collect, receive, take in possession, hold, and manage all assets and documents of the Defendants and other persons or entities whose interests are now held by or under the direction, possession, custody, or control of the Defendants. **PROVIDED, HOWEVER,** the Receiver shall not attempt to collect any amount from a consumer if the Receiver believes the consumer was a victim of the unfair or deceptive acts or practices alleged in the Complaint in this matter;

3. Take all steps necessary to secure the business premises of the Receivership Defendants, including, but not limited to, all such premises located at: (1) 108 5th Avenue E., Osakis, MN 56360; (2) 1213 Lark Street, Alexandria, MN 56308; (3) 1424 Broadway Street, South, Suite 272, Alexandria, MN 56308; and (4) 3010 Hennepin Avenue, S, Suite 609, Minneapolis, MN 55408. Such steps may include, but are not limited to, the following as the Receiver deems necessary or advisable: (1) serving and filing this Order; (2) completing a written inventory of all assets of the Receivership Defendants; (3) obtaining pertinent information from all employees and other agents of the Receivership Defendants, including, but not limited to, the name, home address, social security number, job description, method of compensation, and all accrued and unpaid commissions and compensation of each such employee or agent; (4) video taping all portions of the location; (5) securing the location by changing the locks and disconnecting any computer modems or other means of

access to the computer or other records maintained at that location; or (6) requiring any persons present on the premises at the time this Order is served to leave the premises, to provide the Receiver with proof of identification, or to demonstrate to the satisfaction of the Receiver that such persons are not removing from the premises documents or assets of the Defendants;

4. Conserve, hold, and manage all receivership assets, and perform all acts necessary or advisable to preserve the value of those assets in order to prevent any irreparable loss, damage, or injury to consumers or creditors of the Defendants, including, but not limited to, obtaining an accounting of the assets and preventing transfer, withdrawal, or misapplication of assets;

5. Liquidate any and all securities or commodities owned by or for the benefit of the Defendants that the Receiver deems to be advisable or necessary;

6. Enter into contracts and purchase insurance as advisable or necessary;

7. Prevent the inequitable distribution of assets and to determine, adjust, and protect the interests of consumers and creditors who have transacted business with Defendants;

8. Manage and administer the business of Defendants until further order of this Court by performing all incidental acts that the Receiver deems to be advisable or necessary, which includes retaining, hiring, or dismissing any employees, independent contractors, or agents;

9. Choose, engage, and employ attorneys, accountants, appraisers, and other independent contractors and technical specialists, as the Receiver deems advisable or necessary in the performance of duties and responsibilities under the authority granted by this Order;

10. Make payments and disbursements from the receivership estate that are necessary or advisable for carrying out the directions of, or exercising the authority granted by, this Order. The Receiver shall apply to the Court for prior approval of any payment of any debt or obligation incurred by the Defendants prior to the date of entry of this Order, except payments that the Receiver deems necessary or advisable to secure assets of the Defendants, such as rental payments;

11. Determine and implement the manner in which the Defendants will comply with, and prevent violations of, this Order and all other applicable laws, including, but not limited to, revising sales materials and implementing monitoring procedures;

12. Institute, compromise, adjust, appear in, intervene in, or become party to such actions or proceedings in state, federal or foreign courts that the Receiver deems necessary and advisable to preserve or recover the assets of Defendants, or that the Receiver deems necessary and advisable to carry out the Receiver's mandate under this Order;

13. Defend, compromise, adjust, or otherwise dispose of any or all actions or proceedings instituted in the past or in the future against the Receiver in

his role as Receiver, or against Defendants that the Receiver deems necessary and advisable to preserve the assets of Defendants or that the Receiver deems necessary and advisable to carry out the Receiver's mandate under this Order;

14. Continue to conduct the business of the Receivership Defendants in such manner, to such extent, and for such duration as the Receiver may in good faith deem to be necessary or appropriate to operate the businesses profitably and lawfully, if at all; **PROVIDED, HOWEVER,** that the continuation and conduct of the business shall be conditioned upon the Receiver's good faith determination that the businesses can be lawfully operated at a profit using the assets of the receivership estate;

15. Communicate with, and respond to communications from, customers of Defendants concerning the status of this action;

16. Issue subpoenas to obtain documents and records pertaining to the receivership, and conduct discovery in this action on behalf of the receivership estate;

17. Open one or more bank accounts in the District of Minnesota as designated depositories for funds of the Defendants. The Receiver shall deposit all funds of Defendants in such a designated account and shall make all payments and disbursements from the receivership estate from such an account(s);

18. Maintain accurate records of all receipts and expenditures that he makes as Receiver; and

19. Cooperate with reasonable requests for information or assistance from any state or federal law enforcement agency.

## C. COOPERATION WITH THE RECEIVER

**IT IS FURTHER ORDERED** that Defendants, and their officers, agents, directors, servants, employees, salesperson, independent contractors, attorneys, corporations, subsidiaries, affiliates, successors, and assigns, all other persons or entities in active concert or participation with them, who receive actual notice of this Order by personal service or otherwise, which acting directly or through any trust, corporation, subsidiary, division, or other device; or any of them, shall fully cooperate with and assist the Receiver. Defendants' cooperation and assistance shall include, but not be limited to, providing any information to the Receiver that the Receiver deems necessary to exercising the authority and discharging the responsibilities of the Receiver under this Order; providing any password required to access any computer, electronic files in any medium; or advising all persons who owe money to the Defendants that all debts should be paid directly to the Receiver. Defendants are hereby restrained and enjoined from directly or indirectly:

1. Transacting any of the business of the Defendants;

2. Destroying, secreting, defacing, transferring, or otherwise altering or disposing of any documents of Defendants, including, but not limited to, books, records, accounts, writings, drawings, graphs, charts, photographs, audio and video recordings, computer records, and other data

compilations, electronically-stored records, or any other papers of any kind or nature;

3. Transferring, receiving, altering, selling, encumbering, pledging, assigning, liquidating, or otherwise disposing of any assets owned, controlled, or in the possession or custody of, or in which an interest is held or claimed by, the Defendants, or the Receiver;

4. Excusing debts owed to Defendants;

5. Failing to notify the Receiver of any asset, including accounts, of a Defendant held in any name other than the name of the Defendant, or by any person or entity other than the Defendant, or failing to provide any assistance or information requested by the Receiver in connection with obtaining possession, custody, or control of such assets;

6. Doing any act or refraining from any act whatsoever to interfere with the Receiver's taking custody, control, possession, or managing of the assets or documents subject to this receivership; or to harass or interfere with the Receiver in any way; or to interfere in any manner with the exclusive jurisdiction of this Court over the assets or documents of Defendants; or to refuse to cooperate with the Receiver or the Receiver's duly authorized agents in the exercise of their duties or authority under any order of this Court; or

7. Filing, or causing to be filed, any petition on behalf of Defendants for relief under the United States Bankruptcy Code, 11 U.S.C. § 101 et seq., without prior permission from this Court.

**D. DELIVERY OF RECEIVERSHIP PROPERTY**

**IT IS FURTHER ORDERED** that:

1. Immediately upon service of this Order upon them or upon their otherwise obtaining actual knowledge of this Order, or within a period permitted by the Receiver, Defendants or any other person or entity shall transfer or deliver possession, custody, and control of the following to the Receiver:

   a. All assets of Defendants;

   b. All documents of Defendants, including, but not limited to, books and records of accounts, all financial and accounting records, balance sheets, income statements, bank records (including monthly statements, canceled checks, records of wire transfers, and check registers), computers and computer related equipment, computer files, client lists, title documents and other papers;

   c. All assets belonging to members of the public now held by the Defendants;

   d. All keys, computer passwords, and codes necessary to secure access to any assets or documents of Defendants, including, but not limited to, access to their business premises, means of

communication, accounts, computer systems, or other property; and

e. Any property transferred from any law enforcement agencies, including the Federal Bureau of Investigation, shall be delivered to Co-Receiver Becky R. Thorson.

2. In the event any person or entity fails to deliver or transfer any asset or otherwise fails to comply with any provision of this Section of the Order, the Receiver may file *ex parte* an Affidavit of Non-Compliance regarding the failure. Upon filing of the affidavit, the Court may authorize, without additional process or demand, Writs of Possession or Sequestration or other equitable writs requested by the Receiver. The writs shall authorize and direct the United States Marshal or any sheriff or deputy sheriff of any county, or any other federal or state law enforcement officer, to seize the asset, document, or other thing and to deliver it to the Receiver.

**E. TRANSFER OF FUNDS TO THE RECEIVER**

**IT IS FURTHER ORDERED** that, upon service of a copy of this Order, all banks, broker-dealers, savings and loans, escrow agents, title companies, commodity trading companies, or other financial institutions shall cooperate with all reasonable requests of the Receiver relating to implementation of this Order, including transferring funds at his direction and producing records related to the assets of Defendants.

**F. STAY OF ACTIONS**

**IT IS FURTHER ORDERED** that:

1. Except by leave of this Court, during pendency of the receivership ordered herein, Defendants and all other persons and entities be and hereby are stayed from taking any action to establish or enforce any claim, right, or interest for, against, on behalf of, in, or in the name of, any of the Defendants, any of their subsidiaries, affiliates, partnerships, assets, documents, or the Receiver or the Receiver's duly authorized agents acting in their capacities as such, including, but not limited to, the following actions:

   a. Commencing, prosecuting, continuing, entering, or enforcing any suit or proceeding, except that such actions may be filed to toll any applicable statute of limitations;

   b. Accelerating the due date of any obligation or claimed obligation; filing or enforcing any lien; taking or attempting to take possession, custody, or control of any asset; attempting to foreclose, forfeit, alter, or terminate any interest in any asset, whether such acts are part of a judicial proceeding, are acts of self-help, or otherwise;

   c. Executing, issuing, serving, or causing the execution, issuance or service of, any legal process, including, but not limited to, attachments, garnishments, subpoenas, writs of replevin, writs of execution, or any other form of process whether specified in this Order or not; or

d. Doing any act or thing whatsoever to interfere with the Receiver taking custody, control, possession, or management of the assets or documents subject to this receivership, or to harass or interfere with the Receiver in any way, or to interfere in any manner with the exclusive jurisdiction of this Court over the assets or documents of Defendants.

2. Except as otherwise provided in this Order, all persons and entities in need of documentation from the Receiver shall in all instances first attempt to secure such information by submitting a formal written request to the Receiver, and, if such request has not been responded to within thirty (30) days of receipt by the Receiver, any such person or entity may thereafter seek an Order of this Court with regard to the relief requested.

## G. COMPENSATION OF RECEIVER

**IT IS FURTHER ORDERED** that the Receiver and all personnel hired by the Receiver as herein authorized, including counsel to the Receiver and accountants, are entitled to reasonable compensation for the performance of duties pursuant to this Order and for the cost of actual out-of-pocket expenses incurred by them, from the assets now held by or in the possession or control of or which may be received by Defendants. The Receiver shall file with the Court and serve on the parties periodic requests for the payment of such reasonable compensation, with the first such request filed no more than sixty (60) days after the date of this Order. The Receiver shall not increase the hourly rates used as the bases for such fee applications without prior approval of the Court.

**H. RECEIVER'S BOND**

**IT IS FURTHER ORDERED** that the Receiver shall file with the Clerk of this Court a bond in the sum of $1000 with sureties to be approved by the Court, conditioned that the Receiver will well and truly perform the duties of the office and abide by and perform all acts the Court directs. The bond already filed with the Court satisfies this obligation.

**I. ACCESS TO DEFENDANTS' BUSINESS PREMISES AND RECORDS**

**IT IS FURTHER ORDERED** that the Receiver shall allow the Commission's representatives, agents, and assistants, as well as Defendants and their representatives, reasonable access to the premises and records of Defendants. The purpose of this access shall be to inspect and copy any and all books, records, accounts, computerized files and data, documents and other property owned by or in the possession of Defendants. The Receiver shall have the discretion to determine the time, manner, and reasonable conditions of such access.

**DUTIES OF THIRD PARTIES TO ASSIST IN THE TRANSFER OF DEFENDANTS' BUSINESS OPERATIONS TO THE RECEIVER**

**VII.**

**IT IS FURTHER ORDERED** that, in conjunction with the Receiver's duties pursuant to Section VI of this Order, any third party who has custody, control, management or administrative authority or possession of documents, computer files, computers and computer related equipment used in Defendants' business operations, including, but not limited to: (1) SkyNetWEB Ltd., 3500 Boston Street, Suite 231, Baltimore, Maryland 21224, (2) Yeshost.com, 475 Central Avenue, Suite B100, St. Petersburg, Florida 33701, (3) Network Solutions, Inc. 505 Huntmar Park Drive, Herndon, VA 20170-5142, (4) Registrars.com Network

Commerce, Inc. 411 First Avenue South, Suite 200M Seattle, WA 98104, (5) Verio, Inc. World Headquarters 8005 South Chester Street, Suite 200 Englewood, CO 80112 and (6) Mailboxes, Inc. Mark Tesija, Owner 3010 Hennepin Avenue South Minneapolis, MN 55408, shall assist the Receiver in assuming full control of Defendants' operations by taking actions, including, but not limited to: (1) forming any new system accounts; and (2) providing and/or changing any computer user names or passwords.

## REQUIRED DISTRIBUTION OF ORDER BY DEFENDANTS

## VIII.

**IT IS FURTHER ORDERED** that Defendants shall immediately provide a copy of this Order to each of their affiliates, partners, divisions, sales entities, successors, assigns, employees, agents, and representatives. Within twenty-one (21) calendar days following service of this Order by Plaintiff, Defendants shall file with the Court, and serve on Plaintiffs, an affidavit identifying the names, titles, addresses and telephone numbers of each such person or entity Defendants have served with a copy of this Order in compliance with this provision.

## SERVICE OF THIS ORDER

## IX.

**IT IS FURTHER ORDERED** that copies of this Order may be served by first class mail, overnight delivery, facsimile, or personally, by agents or employees of the Commission or the Receiver, upon any bank, savings and loan institution, credit union, financial institution, brokerage house, escrow agent, money market or mutual fund, title company, commodity trading company, third-party billing aggregator, common carrier, storage company, trustee, commercial

mail receiving agency, mail holding or forwarding company, or any other person, partnership, corporation, or legal entity that may be in possession of any records, assets, property, or property right of any Defendant, and any Internet service provider or other person, partnership, corporation, or legal entity that may be subject to any provision of this Order. For purposes of service on anyone in possession of records, assets, property, or property rights, actual notice of this Order shall be deemed complete upon notification by any means, including, but not limited to, notice from service by facsimile transmission of Sections III, IV, VI and VII (if receivership records, assets, property or property rights are involved), IX, X, and the final page of this Order, provided that notice is followed within five (5) business days by delivery of a complete copy of this Order.

**CONSUMER CREDIT REPORT**

**X.**

**IT IS FURTHER ORDERED** that, pursuant to Section 604 of the Fair Credit Reporting Act, 15 U.S.C. § 1681b, any consumer reporting agency served with this Order shall promptly furnish a consumer or credit reports concerning any of the Defendants to Plaintiff.

**JURISDICTION**

**XI.**

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for all purposes.

No security is required of any agency of the United States for the issuance of a restraining order. Fed. R. Civ. P. 65(c).

**SO ORDERED,** this 24th day of April, 2001, at noon.

Honorable Ann D. Montgomery
United States District Judge