**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MINNESOTA**

FEDERAL TRADE COMMISSION,

Plaintiff,

v.

BRYAN J. KRUCHTEN, doing business as PAGE CREATORS d/b/a PAGECREATORS.NET,

and

TRINITY HOST, LLC d/b/a TRINITYHOST.COM,

Defendants.

Court File No. 01-523 ADM/RLE

**ORDER**

Defendant Bryan J. Kruchten and his attorneys Matthew P. Franzese, Leuthner Law Office, 1311 Broadway, Suite 2, P.O. Box 637, Alexandria, MN 56308, Daniel J. Boivin, Meshbesher & Spence, Ltd., 1616 Park Avenue South, Minneapolis, MN 55404, and Howard I. Bass, Meshbesher & Spence, Ltd., 1616 Park Avenue South, Minneapolis, MN 55404, appeared for a meeting with the Receivers, B. Todd Jones and Becky R. Thorson, on May 2, 2001 at 10:00 a.m. at the United States Federal Courthouse, Courtroom 13W, 300 South Fourth Street, Minneapolis, MN 55415.

At this meeting, with his attorneys Franzese, Boivin and Bass present, Defendant Bryan J. Kruchten confirmed that PAGE CREATORS d/b/a PAGECREATORS.NET was no longer in business and decided that the Receivers should close down the current business activities of Defendant TRINITY HOST, LLC d/b/a/ TRINITYHOST.COM because he believed it is no longer a viable business.

MAY 1 0 2001
FILED
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

**IT IS HEREBY ORDERED** that Receivers are to close down the current business activities of TRINITY HOST, LLC d/b/a TRINITYHOST.COM. Accordingly, the Receivership duties set forth in Section VI. B. of the Court's Preliminary Injunction Order with Asset Freeze, Appointment of A Receiver and Other Relief, dated April 24, 2001, are modified as follows:

1. The Receivers shall close down the current business activities of TRINITY HOST, LLC d/b/a TRINITYHOST.COM by June 30, 2001. The close-down period is defined as the date of this Order through June 30, 2001.

a. In performing their duties to close down the current business activities, the Receivers will continue to control and direct all aspects of TRINITY HOST, LLC d/b/a TRINITYHOST.COM, through the close-down period and may, with the Court's prior approval continue control necessary or advisable to complete the cessation of business activities for 30 days following the close-down period, including the diversion of Defendants' mail.

b. The Receivers will consider the best interests of the consumers who have transacted business with the Defendants in implementing the closure of the business.

c. The Receivers may take all steps they reasonably believe are necessary in order to perform their duties to conclude the current business activities, including but not limited to:

(1) Making any modifications to the web site in order to accomplish the on-line closure of the business.

(2) Communication with customers and potential customers about the on-line closure of the business, including information concerning the status of the action.

(3) The Receivers are authorized to use their discretion to decide whether it is cost-effective to bill individual customers for Defendants' services from March 27, 2001 to the date

of this Order and up through the close-down period.

d. The Receivers may make payments and disbursements from the Receivership estate that are necessary or advisable for carrying out the directions of, or exercising the authority granted by this Order for the close-down period. Further, the Receivers are authorized to use the Defendants' financial assets to cover costs and expenses associated with the closure of the business, including paying necessary operating expenses for the time period, such as consultant fees.

e. The Receivers shall continue to manage and administer the TRINITY HOST, LLC d/b/a TRINITYHOST.COM business through the close-down period and shall perform incidental acts that the Receivers deem to be advisable or necessary during the close-down period, including but not limited to retaining, hiring, or dismissing any employees, independent contractors, or agents.

f. The Receivers are authorized to liquidate or sell any and all assets of the Defendants' businesses, including but not limited to computer equipment, other equipment and material. The Receivers shall apply to the Court for prior approval of any liquidation or sale. However, this does not modify the Receivers' authority to make payments and disbursements from the Receivership estate that are necessary or advisable for carrying out the directions of, or exercising the authority granted by this Order without prior Court approval.

g. The Receivers are also authorized to sell or transfer the Defendants' businesses' customer lists consistent with laws regarding such sale or transfer. The Receiver shall apply to the Court for prior approval of any liquidation or sale. However, this does not modify the Receivers' authority to make payments and disbursements from the Receivership estate that are necessary or advisable for carrying out the directions of, or exercising the authority granted by this Order without prior Court approval.

h. The Receivers are authorized to choose, engage, and employ attorneys, accountants, appraisers, and other independent contractors and technical specialists, as the Receivers deem advisable or necessary in the performance of duties and responsibilities during the close-down period.

i. The Receivers may issue subpoenas to obtain documents and records pertaining to the Receivership, and conduct discovery in this action on behalf of the Receivership estate through the end of the close-down period.

j. The Receivers will continue to maintain a bank account in the District of Minnesota as a designated depository for funds of the Defendants. The Receivers shall deposit all funds of Defendants in such a designated account and shall make all payments and disbursements from the Receivership estate from the account.

k. The Receivers will maintain records of all receipts and expenditures that they make as Receivers.

l. The Receivers will cooperate with reasonable requests for information or assistance from any state or federal law enforcement agency through the end of the close-down period.

m. The Receivers' duties as to Defendants Bryan J. Kruchten doing business as PAGE CREATORS d/b/a PAGECREATORS.NET are hereby limited to controlling any assets of PAGE CREATORS d/b/a PAGECREATORS.NET and treat any assets as Receivership estate. In performing these duties, the Receivers will continue to divert Defendants' mail through June 30, 2001.

n. All other duties and responsibilities of the Receivers, as set forth in Section VI. B. of this Court's Preliminary Injunction Order are hereby extinguished as of the date of this Order.

**IT IS FURTHER ORDERED** that Defendants and other third parties, including Paul Kruchten, Deb Kruchten and Mindy Arthur/Bullick, shall fully cooperate with and assist the Receivers during the close-down period, including but not limited to the areas set forth in Section VI. C. COOPERATION WITH THE RECEIVER and as follows during the close-down period:

A. Assist in identifying customers and contact information.

B. Assist in locating domain name information, including registrars, ID's and passwords and information regarding registration.

C. To voluntarily transfer to a customer ownership of any such customer's domain name that is registered by the Defendants or Mindy Bullick or Raden Johnson or any other alias.

D. Communication Protocol. The Receivers will seek information and assistance from Defendant Bryan J. Kruchten only through his attorney, Daniel J. Boivin, Meshbesher & Spence, Ltd. The above-stated duties of Defendants and other third parties supplement Section C. COOPERATION WITH THE RECEIVER set forth in the Court's Preliminary Injunction Order dated April 24, 2001.

**IT IS FURTHER ORDERED** that during the pendency of the above-entitled litigation, Defendant Bryan J. Kruchten, is hereby restrained and enjoined from engaging in any for-profit business or commercial activity via the Internet or conducting, directing, advising or consulting with third parties about for-profit business or commercial transactions on the Internet unless he first obtains and files with the Clerk of this Court a performance bond in the sum of FIVE HUNDRED THOUSAND DOLLARS ($500,000) with sureties to be approved by the Court.

This bond shall be conditioned upon compliance with the PROHIBITED BUSINESS ACTIVITIES set forth in Sections I and II of the Court's Preliminary Injunction Order with Asset

Freeze, Appointment of A Receiver and Other Relief, dated April 24, 2001. The bond shall be deemed continuous and remain in full force and effect as long as Defendant Bryan J. Kruchten continues to engage in the for-profit business or commercial activity on the Internet that requires posting of the bond, and for at least one (1) year after the Defendant has ceased to engage in such activity.

**IT IS FURTHER ORDERED** that except as specifically modified by this Order, all other matters ordered in this Court's Preliminary Injunction Order, dated April 24, 2001, remain in full force and effect.

**SO ORDERED**, this 10th day of May, 2001, at 9 a.m.

BY THE COURT:

ANN D. MONTGOMERY
UNITED STATES DISTRICT JUDGE