**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MINNESOTA**

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>BRYAN J. KRUCHTEN, doing business as PAGE CREATORS d/b/a PAGECREATORS.NET;<br><br>and<br><br>TRINITY HOST, LLC d/b/a TRINITYHOST.COM,<br><br>Defendants. | Case No. 01-523 ADM/RLE |

**STIPULATED FINAL JUDGMENT AND ORDER FOR**
**<u>PERMANENT INJUNCTION AND CONSUMER REDRESS</u>**

Plaintiff Federal Trade Commission ("Commission" or "FTC") having filed its Complaint for a permanent injunction and other relief in this matter, pursuant to Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b), respectively, and the parties having conferred through counsel, and having agreed to settle this action without adjudication or admission of any issue of fact or law and without Defendants admitting liability for any of the violations alleged in the Complaint or for any wrongdoing whatsoever, therefore, on the joint motion of the parties, it is hereby ORDERED, ADJUDGED, and DECREED as follows:

**<u>FINDINGS</u>**

1. This Court has jurisdiction of the subject matter of this case and of the parties consenting hereto.

APR 1 1 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

2. Venue is proper as to all parties in the Northern District of Illinois under 28 U.S.C. §§ 1391(b) and (c), and 15 U.S.C. § 53(b).

3. The activities of Defendants are in or affecting commerce, as defined in the FTC Act, 15 U.S.C. § 44.

4. The Complaint states a claim upon which relief may be granted against defendants under Section 5 of the Federal Trade Commission Act (the "FTC Act"), 15 U.S.C. § 45(a).

5. Defendants waive all rights to seek judicial review or otherwise challenge or contest the validity of this Order. They also waive any claim that they may have held under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action to the date of this Order. Each settling party shall bear its own costs and attorneys' fees.

6. This Order does not constitute, and shall not be interpreted to constitute, an admission by any defendant that such defendant has engaged in violations of the FTC Act or any other law, nor does it constitute evidence against, or an admission by, any Defendant with respect to any issue of law or fact herein or any alleged in the Complaint.

7. This Order resolves all matters arising from the allegations in the Complaint.

8. All Attachments to this Order are part of this Order and are incorporated herein, whether or not specifically referred to.

9. Entry of this Order is in the public interest.

**DEFINITIONS**

1. "Defendants" means Bryan J. Kruchten, doing business as Page Creators d/b/a pagecreators.net and Trinity Host LLC d/b/a trinityhost.com.

2. "Material" means likely to affect a person's choice of, or conduct regarding, goods or services.

3. "Internet" means a worldwide system of linked computer networks that use a common protocol (TCP/IP) to deliver and receive information. The "Internet" includes but is not limited to the following forms of electronic communication: electronic mail and email mailing lists, the World Wide Web, Web sites, newsgroups, Internet Relay Chat, and file transfers protocols thereon, and remote computer access from anywhere in the world thereto.

## CONDUCT PROVISIONS

### I.

**IT IS THEREFORE ORDERED** that Defendants are hereby restrained and enjoined from making, or assisting in the making of, expressly or by implication, orally or in writing any false or misleading statement or representation of material fact:

A. that consumers owe money for the use of excess bandwidth or other non-standard services;

B. that consumers are legally obligated to pay for any Internet-related services that they did not authorize; and

C. relating to a consumer's decision to purchase or use Defendants' services or products.

### II.

**IT IS FURTHER ORDERED** that in connection with the advertising, promotion, offering or sale of goods or services in commerce, Defendants are hereby restrained and enjoined from billing or receiving money, or assisting others in billing or receiving money, from

consumers without authorization, including but not limited to charging or debiting consumers' credit card or debit card accounts without consumers' authorization.

**PROHIBITION AGAINST DISTRIBUTION OF CUSTOMER LISTS**

**III.**

**IT IS FURTHER ORDERED** that Defendants, and their officers, agents, servants, employees, and attorneys, and all other persons or entities in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, are restrained and enjoined from selling, renting, leasing, transferring, or otherwise disclosing the name, address, telephone number, credit card number, bank account number, e-mail address, or other information of any person who submitted information in conjunction with Defendants' business practices, *provided, however,* that Defendants may disclose such information to a law enforcement agency, to Plaintiff, or as required by any law, regulation, or court order.

**MONETARY RELIEF**

**IV.**

**IT IS FURTHER ORDERED** that:

A. Defendants shall relinquish all rights to five thousand nine hundred thirty-two dollars and eighteen cents ($5,932.18) presently held in the receivership trust account #4416376 by the Receivers.

B. Defendants shall transfer all rights of ownership in the personal property identified in Appendix A of this Order and the financial statements dated March 30, 2001 and April 2, 2001, to the Receivers, and the Receivers shall liquidate those assets and transfer the proceeds,

net of expenses and compensation to them allowed by the Court pursuant to the terms of Section VII of this Order, to the FTC.

C. The funds paid by Defendants pursuant to subsection A of this section shall be deposited into a fund administered by the Commission or its agent to be used for equitable relief, including but not limited to consumer redress and any attendant expenses for the administration of any redress fund. In the event that direct redress to consumers is wholly or partially impracticable or funds remain after redress is completed, the Commission may apply any remaining funds for such other equitable relief (including consumer information remedies) as it determines to be reasonably related to the defendants' practices alleged in the complaint. Any funds not used for such equitable relief shall be deposited to the Treasury as disgorgement. Defendants shall have no right to challenge the Commission's choice of remedies under this section.

D. In the event of any default on any obligation to make payment under this Section, interest, computed pursuant to 28 U.S.C. § 1961(a), shall accrue from the date of default to the date of payment, and shall immediately become due and payable.

E. Defendants are hereby required, in accordance with 31 U.S.C. § 7701, to furnish to the Commission their respective taxpayer identifying numbers (social security numbers or employer identification numbers), which shall be used for purposes of collecting and reporting on any delinquent amount arising out of such persons' relationship with the government.

## RIGHT TO REOPEN: ACCURACY OF FINANCIAL STATEMENTS

**V.**

**IT IS FURTHER ORDERED** that within five (5) business days after the date of entry of this Stipulated Order, Defendants Bryan J. Kruchten and Trinity Host LLC shall each submit to the Commission a truthful sworn statement (in the form shown on Appendix B to this Stipulated Order) that shall reaffirm and attest to the truthfulness, accuracy, and completeness of their respective financial statements, namely the financial statement of Bryan J. Kruchten dated March 30, 2001 and as amended April 2, 2001, and the financial statement of Trinity Host LLC, dated April 2, 2001. The Commission's agreement to this Stipulated Order is expressly premised upon the financial condition of each defendant, as represented in their respective financial statements, which contain material information upon which the Commission relied in negotiating and agreeing upon this Stipulated Order.

If, upon motion of the Commission, the Court finds that Bryan J. Kruchten or Trinity Host LLC failed to file the sworn statement required by this Section, or that either Defendant failed to disclose any material asset, materially misrepresented the value of any asset, or made any other material misrepresentation in or omission from the financial statement, the Court shall enter judgment against such defendant, in favor of the Commission, in the amount of $100,000 (the total amount of outstanding consumer injury in this matter), and the entire amount of the judgment shall become immediately due and payable, less any amount already paid.

*Provided, however,* that in all other respects, this judgment shall remain in full force and effect, unless otherwise ordered by the Court; and *provided further,* that proceedings instituted under this section are in addition to, and not in lieu of, any other civil or criminal remedies that

may be provided by law, including but not limited to contempt proceedings, or any other proceedings that the Commission or the United States might initiate to enforce this Stipulated Order.

**PERFORMANCE BOND**

**VI.**

**IT IS FURTHER ORDERED** that, for a period of five (5) years commencing with the entry of this Order, Defendants Bryan J. Kruchten or Trinity Host LLC, whether acting directly or through any business, entity, corporation, subsidiary, division or other device, is permanently enjoined from owning or controlling, whether directly or indirectly, any business that handles consumers' credit card or debit card accounts, or the information therefrom, unless such Defendants first obtains a Performance Bond in the principal amount of One Hundred Thousand Dollars ($100,000).

A. Each Performance Bond shall be an insurance agreement providing surety for financial loss issued by a surety company that is admitted to do business in each of the states in which Defendants are doing business, that holds a Federal Certificate of Authority As Acceptable Surety on Federal Bond and Reinsuring, and that is rated A or better by Best Insurance Guide. The Performance Bond shall cite this Stipulated Final Judgment and Order for Permanent Injunction as the subject matter of the Bond and shall provide surety thereunder against financial loss resulting from whole or partial failure of performance due, in whole or in part, to any conduct violating this Order or Section 5 of the FTC Act. Each such Performance Bond shall be in favor of: (1) the Federal Trade Commission for the benefit of any consumer injured as a result

of any false or misleading representation made by any such business or its employees, either directly or indirectly, and (2) any consumer so injured;

B. The Bond shall be deemed continuous and remain in full force and effect at all times during which such Defendant owns or controls, whether directly or indirectly, any business that handles consumers' credit card or debit card accounts, or the information therefrom, for at least two (2) years after such Defendants have ceased to engage or participate in any manner in any such activity;

C. The Bond required pursuant to this Section is in addition to, and not in lieu of, any other bond required by federal, state or local law;

D. Defendants shall provide the executed original of the Bond or Bonds required by this Part to the Director of the Midwest Region of the Federal Trade Commission at least ten (10) days before commencing the event precipitating the requirement of obtaining the bond;

E. Defendants shall not disclose the existence of the Performance Bond to any consumer without disclosing clearly and conspicuously, at the same time: "AS REQUIRED BY ORDER OF THE U.S. DISTRICT COURT IN SETTLEMENT OF CHARGES THAT [NAME OF DEFENDANT] ENGAGED IN FALSE OR MISLEADING REPRESENTATIONS IN VIOLATION OF SECTION 5 OF THE FEDERAL TRADE COMMISSION ACT."

## TERMINATION OF RECEIVERSHIP

**VII.**

**IT IS FURTHER ORDERED** that the appointment of B. Todd Jones and Becky R. Thorson as Receivers for the business activities of Defendants pursuant to this Court's Preliminary Injunction Order entered on April 24, 2001, is hereby continued as modified by this section.

The Receivers shall proceed to:

A. pay to the Commission the amount of five thousand nine hundred thirty-two dollars and eighteen cents ($5,932.18) presently held in the receivership trust account #4416376 within ten (10) days of entry of this Order. This money shall be used for equitable monetary relief, including but not limited to, consumer redress as discussed in Section IV(C) of this Order. For purposes of administration, all payments required under this Section to be made to the Commission shall be made by certified check or other guaranteed funds payable to and delivered to the Commission, or by wire transfer in accord with directions provided by the Commission;

B. liquidate the assets of Defendants identified in Section IV(B) of this Order. Upon liquidation of those assets, the Receivers shall submit their report and application for fees and expenses, and upon approval of the same, shall pay:

1. the amounts allowed by the Court pursuant to the Receivers' application for fees and expenses, including but not limited to, professional fees and auctioneers' fees; and

2. to the extent that funds remain, to the Commission as set forth in subsection A.

Upon filing of the Receiver's final report, the Court's approval of the same, and the Receiver's fulfillment of their payment obligations under this section, the Receivership over Defendants' business activities pursuant to this Court's Preliminary Injunction Order of April 24, 2001, shall be terminated and the provisions of that Preliminary Injunction Order, as amended by the Court's Order of May 10, 2001, relating to the appointment of the Receivers shall be dissolved. Defendants shall indemnify and hold harmless the Receivers for any claim made against them arising out of their activities pursuant to this Stipulated Order or previous orders of this Court.

**LIFTING OF ASSET FREEZE AND TRANSFER OF FUNDS**

**VIII.**

**IT IS FURTHER ORDERED** that the freeze against the assets of Defendants ordered by the Court on March 27, 2001, and extended thereafter, shall remain in effect until such time as the Commission and Receivers receive payment of all equitable relief, Court-approved fees and expenses set forth in Sections IV and VII of this Order and thereupon shall be lifted permanently.

**ACKNOWLEDGMENT OF RECEIPT OF ORDER BY DEFENDANT**

**IX.**

**IT IS FURTHER ORDERED** that, within five (5) business days after receipt by Defendant Bryan J. Kruchten of this Order as entered by the Court, Defendant Bryan J. Kruchten

shall submit to the FTC a truthful sworn statement, in the form shown on Appendix C, that shall acknowledge receipt of this Final Order.

**DISTRIBUTION OF ORDER BY DEFENDANTS**

**X.**

**IT IS FURTHER ORDERED** that, for a period of four (4) years from the date of entry of this Order, Defendants shall:

A. Provide a copy of this Order to, and obtain a signed and dated acknowledgment of receipt of same from, each officer or director, each individual serving in a management capacity, all personnel involved in responding to consumer complaints or inquiries, and all sales personnel, whether designated as employees, consultants, independent contractors or otherwise, immediately upon employing or retaining any such persons, for any business that handles consumers' credit card or debit card accounts, or the information therefrom which Defendant Bryan J. Kruchten owns or controls, whether directly or indirectly;

B. Maintain for a period of four (4) years after creation, and upon reasonable notice, make available to representatives of the Commission, the original signed and dated acknowledgments of the receipt of copies of this Order, as required in Subsection A of this Section.

**MONITORING BY DEFENDANTS**

**XI.**

**IT IS FURTHER ORDERED** that, in connection with any business that handles consumers' credit card or debit card accounts, or the information therefrom which Defendant Bryan J. Kruchten owns or controls, whether directly or indirectly, Defendants are hereby permanently restrained and enjoined from:

A. Failing to take reasonable steps sufficient to monitor and ensure that all employees and independent contractors engaged in sales or other customer service functions comply with Sections I-III of this Stipulated Order;

B. Failing to investigate promptly and fully any consumer complaint received by any business to which this Section applies; and

C. Failing to take corrective action with respect to any sales person whom Defendants determine are not complying with this Stipulated Order, which may include training, disciplining, and/or terminating such sales person.

**RECORD KEEPING**

**XII.**

**IT IS FURTHER ORDERED** that, for a period of seven (7) years from the date of entry of this Order, Defendants, in connection with any business that handles consumers' credit card or debit card accounts, or the information therefrom which Defendant Bryan J. Kruchten owns or

controls, whether directly or indirectly, are hereby restrained and enjoined from failing to create and retain the following records:

A. Accounting records that reflect the cost of goods or services sold, revenues generated, and the disbursement of such revenues;

B. Personnel records accurately reflecting: the name, address, and telephone number of each person employed in any capacity by such business, including as an independent contractor; that person's job title or position; the date upon which the person commenced work; and the date and reason for the person's termination, if applicable;

C. Customer files containing the names, addresses, telephone numbers, dollar amounts paid, quantity of items or services purchased, and description of items or services purchased, to the extent such information is obtained in the ordinary course of business;

D. Complaint and refund requests (whether received directly, indirectly or through any third party), and any responses to those complaints or requests; and

E. Copies of all sales scripts, training materials, advertisements, or other marketing materials.

## COMPLIANCE REPORTING BY DEFENDANTS

## XIII.

**IT IS FURTHER ORDERED** that, in order that compliance with the provisions of this Order may be monitored:

A. For a period of four (4) years from the date of entry of this Order, Defendants shall notify the Commission of the following:

(1) Any changes in Defendant Bryan J. Kruchten's residence, mailing address, or telephone numbers, within ten (10) days of the date of such change;

(2) Any changes in any Defendant's employment status (including self-employment) within ten (10) days of such change. Such notice shall include the name and address of each business that such Defendant is affiliated with or employed by, a statement of the nature of the business, and a statement of Defendant's duties and responsibilities in connection with the business or employment; and

(3) Any proposed change in the structure of any business entity owned or controlled by any Defendant, such as creation, incorporation, dissolution, assignment, sale, merger, creation or dissolution of subsidiaries, proposed filing of a bankruptcy petition, or change in the corporate name or address, or any other change that could affect compliance obligations arising out of this Order, thirty (30) days prior to the effective date of any proposed change;

B. One hundred eighty (180) days after the date of entry of this Order, Defendants shall provide a written report to the Commission, sworn to under penalty of perjury, setting forth in detail the manner and form in which that Defendant has complied and is complying with this Order. This report shall include, but not be limited to:

(1) Defendant Bryan J. Kruchten's current residence address and telephone number;

(2) Defendant Bryan J. Kruchten's current employment, business addresses and telephone numbers, a description of the business activities of each such employer, and Defendant's titles and responsibilities for each employer;

(3) A copy of each acknowledgment of receipt of this Order obtained by Defendants pursuant to Section IX of this Order;

(4) A statement describing the manner in which Defendant has complied and is complying with Sections I-IV of this Order; and

(5) A statement indicating whether any performance bond has been obtained by Defendants pursuant to Section VI, and attaching a copy of any such bond so obtained;

C. Upon written request by a representative of the Commission, Defendants shall submit additional written reports (under oath, if requested) and shall respond to any reasonable request to produce documents with respect to any conduct subject to this Order, within thirty (30) days from the date the request was received;

D. For the purposes of this Order, Defendants shall, unless otherwise directed by the Commission's authorized representatives, mail all written notifications to the Commission to

Federal Trade Commission
Midwest Region, Regional Director
55 East Monroe Street, Suite 1860

Chicago, Illinois 60603
Re: FTC v. Bryan J. Kruchten, et al.;

E. For purposes of this Section, "employment" includes the performance of services as an employee, consultant, or independent contractor; and "employees" include any individual or entity for whom Defendant Bryan J. Kruchten performs services as an employee, consultant, or independent contractor.

F. For purposes of the compliance reporting required by this Section, the Commission shall communicate to Defendants through Matthew P. Franzese, Esq., Leuthner Law Office, 1311 Broadway, Suite 2, Alexandria, MN 56308.

**COMMISSION'S AUTHORITY TO MONITOR COMPLIANCE**

**XIV.**

**IT IS FURTHER ORDERED** that the Commission is authorized to monitor Defendants' compliance with this Order by all lawful means, including but not limited to the following means:

A. The Commission is authorized, without further leave of Court, to obtain discovery from any person in the manner provided by Chapter V of the Federal Rules of Civil Procedure, Fed. R. Civ. P. 26-37, including the use of compulsory process pursuant to Fed. R. Civ. P. 45, for the purpose of monitoring and investigating Defendants' compliance with any provision of this Order;

B. The Commission is authorized to use representatives posing as consumers and suppliers to any Defendant, any Defendant's employees, or any other entity managed or controlled in whole or in part by any Defendant, without the necessity of identification or prior notice; and

C. Nothing in this Order shall limit the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49 & 57b-1, to investigate whether Defendants have violated any provision of this Order or Section 5 of the FTC Act, 15 U.S.C. § 45.

## ACCESS TO BUSINESS PREMISES

## XV.

**IT IS FURTHER ORDERED** that, for a period of four (4) years from the date of entry of this Order, for the purpose of further determining compliance with this Order, Defendants shall permit representatives of the Commission, within ten (10) business days of receipt of written notice from the Commission:

A. Access during normal business hours to any office, or facility storing documents, of any business that handles consumers' credit card or debit card accounts, or the information therefrom, which Defendant Bryan J. Kruchten owns or controls, whether directly or indirectly. In providing such access, Defendants shall permit representatives of the Commission to inspect and copy all documents relevant to any matter contained in this Order; and shall permit Commission representatives to

remove documents relevant to any matter contained in this Order for a period not to exceed five (5) business days so that the documents may be inspected, inventoried, and copied; and

B. To interview the officers, directors, and employees, including all personnel involved in responding to consumer complaints or inquiries, and all sales personnel, whether designated as employees, consultants, independent contractors or otherwise, of any business to terms of this Order. The persons interviewed may have counsel present.

## RETENTION OF JURISDICTION

## XVI.

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for all purposes.

The parties agree and stipulate to entry of the foregoing Stipulated Order, which shall constitute a final judgment in this action.

FEDERAL TRADE COMMISSION

Dated: April 4, 2002

STEVEN M. WERNIKOFF
Attorney for Federal Trade Commission

Dated: December 18, 2001

MATTHEW P. FRANZESE
Attorney for Defendants

Dated: 12-18-01

BRYAN ~~P.~~ J. KRUCHTEN

Dated: 12-18-01

TRINITY HOST LLC
by Bryan ~~P.~~ J. Kruchten

Dated: April 6, 2002

B. TODD JONES
Receiver for Defendants

Dated: 4-5-02

BECKY R. THORSON
Receiver for Defendants

**IT IS SO ORDERED.**

Dated: April 11, 2002

ANN D. MONTGOMERY
United States District Judge

# BRYAN KRE CHTEN ITEMIZED LIST OF PERS NAL PROPERTY

**APPENDIX A**

| | |
|---|---|
| Jewelry | |
| Diamond Ring (5 diamonds) | $3400 |
| Diamond Platinum Ring | $3600 |
| Diamond Ring | $1600 |
| Onyx Ring | $650 |
| Diamond Ring | $600 |
| Watch Diastar | $650 |
| Gold Chains | $450 |
| Equipment | |
| Desks | $600 |
| Copy Machine | $300 |
| Fax Machine | $450 |
| Speakers | |
| 15" Subwoofer | $799 |
| NAD Amplifier Model 218 x4 | $4800 |
| Dennon Control Center | $1100 |
| Jamo Speakers | $3900 |
| Jamo Center Speaker | $600 |
| Jamo Center Speaker x3 | $600 |
| Jamo 68 Surround x2 | $300 |
| Kicker 18" Subwoofers x4 | $2800 |
| Other | |
| NAD CD Player | $1250 |
| Carver AV | $799.95 |
| Hitachi VCR | $399 |
| Toshiba Big Screen TV | $2400 |
| Panamax Surge Protector | $500 |

**APPENDIX B**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MINNESOTA**

| | | |
|---|---|---|
| FEDERAL TRADE COMMISSION, | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 01-523 ADM/RLE |
| BRYAN J. KRUCHTEN, doing business as PAGE CREATORS d/b/a PAGECREATORS.NET; | ) | |
| and | ) | |
| TRINITY HOST, LLC d/b/a TRINITYHOST.COM, | ) | |
| Defendants. | ) | |

I, Bryan J. Kruchten, hereby state that the information contained in the Financial Statement of Defendant Bryan J. Kruchten and related papers provided to the Federal Trade Commission on March 30, 2001 and April 2, 2001 and the Financial Statement of Defendant Trinity Host LLC and related papers provided to the Federal Trade Commission on April 2, 2001 were true, accurate and complete at such time.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: 12-18, 01 ____________________
[Date] Bryan J. Kruchten

# APPENDIX C

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| FEDERAL TRADE COMMISSION, | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 01-523 ADM/RLE |
| BRYAN J. KRUCHTEN, doing business as PAGE CREATORS d/b/a PAGECREATORS.NET; | ) | |
| and | ) | |
| TRINITY HOST, LLC d/b/a TRINITYHOST.COM, | ) | |
| Defendants. | ) | |

## AFFIDAVIT OF BRYAN J. KRUCHTEN

I, Bryan J. Kruchten, being duly sworn, hereby states and affirms as follows:

1. My name is Bryan J. Kruchten. My current residence address is ______________________________. I am a citizen of the United States and am over the age of eighteen. I have personal knowledge of the facts set forth in this Affidavit.

2. I am a defendant in *FTC v. Bryan J. Kruchten, et al.*, (United States District Court for the District of Minnesota).

3. On ________________, I received a copy of the Stipulated Final Judgment and Order for Permanent Injunction and Consumer Redress which was signed by the Honorable ___________________, and entered by the Court on ___________. A true and correct copy of the Order I received is appended to this Affidavit.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on ____________, ____.

___________________________________

Bryan J. Kruchten

State of Illinois
County of Cook

Subscribed and sworn to before me this _____ day of _________, _____..

______________________________

Notary Public
My Commission Expires: